

Lathrop GPM LLP
lathropgpm.com

2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Main: 816.292.2000

**Michael J. Abrams**
Partner
michael.abrams@lathropgpm.com
816.460.5530

July 14, 2020

**VIA ECF Filing Only**

The Hon. John G. Koeltl
U.S. District Court
500 Pearl Street
New York, NY 10007

RE:   Case No. 20-cv-2859, *Allen, et al. v. Krucial Staffing*, LLC *et al.*

Dear Judge Koeltl:

This correspondence responds to the letter-motion filed by Mr. Gregory Antollino on July 14, 2020 [ECF Doc. 62].

As a preliminary matter, we note that Mr. Antollino's letter-motion raises a discovery dispute with the Court without complying with Local Rule 37.2 or II.B. of this Court's Individual Practices.

Mr. Antollino's letter-motion seeks a blanket prohibition on in-person depositions where one attorney objects to appearing in person and even when both the witness and other attorneys agree to appear in person.  His request is not limited to the upcoming deposition and is not limited in timeframe.  Although he does not label his request, Mr. Antollino seeks relief consistent with a Rule 26(c) protective order.[1]

Defendants did not demand that this deposition occur in person.  Mr. Antollino either misinterpreted or misrepresented my position in this matter.  I have attached our e-mail correspondence as **Exhibit A**, wherein I clearly communicated: "If the witness does not feel comfortable with anyone else present with her during the deposition, we can all appear remotely or we can wait for a time when those who wish can be present."  I strongly deny any allegation that I "demanded a right to be in person," as claimed by Mr. Antollino, or that my stated preference to appear at a deposition while "adhering to the proper social distancing guidelines" amounts to witness intimidation.  *See* Ex. A.  I have participated in two socially distant depositions recently and with no issue.

---

[1] Alternatively, perhaps Mr. Antollino seeks changes to the Southern District of New York's COVID-19 protocols and his request would be more appropriately directed to the Chief Judge or the District Court Executive.

The Hon. John G. Koeltl
July 14, 2020
Page 2

Notably, this dispute concerns Plaintiffs' upcoming deposition of a third-party witness that we previously agreed, pursuant to Rule 26(d)(1), could take place before the Rule 26(f) discovery conference.

Procedural issues aside, Defendants respectfully oppose Mr. Antollino's request on the merits. There is nothing prejudicial in allowing some attorneys to appear in person while other attorneys appear remotely.  *See, e.g.*, *Fireman's Fund Ins. Co. v. Zoufaly*, No. 93 CIV. 1890 (SWK), 1994 WL 583173, at *1 (S.D.N.Y. Oct. 21, 1994) ("[I]f the party seeking the deposition is prepared to conduct its portion without a face-to-face encounter with the witness, there is no reason not to permit it to do so, with any other party free to question the witness in person, thus avoiding any prejudice while reducing expenses.") (citing 4A J. Moore et al., Moore's Federal Practice ¶ 30.57[15] at 30–126 n. 5 (2d ed. 1994)).

To be clear, Defendants will not oppose a witness's request for a remote deposition.  These are unprecedented times and personal safety of litigants, witnesses and attorneys must be maintained.  We respectfully suggest that socially distant depositions be permitted in circumstances where the witness consents to the in-person appearance of one or more attorneys. Mr. Antollino's preference to participate in the deposition remotely can certainly be accommodated.  However, his preferences should not dictate or foreclose Defendants' procedural right to have counsel appear at the deposition in person for a witness who so consents.

Very truly yours,

Lathrop GPM LLP

By: _____
Michael J. Abrams

cc:   Mr. Gregory Antollino, Nancy Sher Cohen and Kate O'Hara Gasper
      (counsel of record via ECF)