**GREGORY ANTOLLINO, ESQ.**
275 Seventh Avenue, 7th Floor
New York, NY 10001
gregory@antollino.com
(212) 334-7397

February 4, 2021

The Hon. Ona T. Wang
U.S. District Court
500 Pearl Street
New York, NY 10007

RE:  Case No. 20-cv-2859, Allen, et al. v. Krucial Staffing, LLC et ano

Dear Judge Wang:

     I write this pre-motion discovery letter in advance of the March conference, plus in advance of defendant Brian Cleary's deposition next week. You might not have time to resolve the issues before that deposition. Still, I want to put the defense on notice that if Cleary must be recalled because of a failure to tender proper discovery, plaintiffs should get Rule 37 Attorneys' fees. I have emailed and spoken to Ms. Kate Gasper (and I believe one of her associates) about these issues several times. In my last communications with Ms. Gasper, I asked if we had anything further to discuss the paper discovery dispute. She did not answer the question. The demands and objections are attached collectively as Exhibit A. (I have selected some, but not all, of these demands for judicial intervention.) The defendants' affidavit from Brian Cleary, attesting that he believed his attorneys' estimates and their estimate of the amount of time it would take to track down the discovery, is attached as Exhibit B.

     That the defense would even proffer such a self-serving (and meaningless) affidavit underscores the problem we are having. Ms. Gasper noted to me that many things demanded were kept on paper, requiring a longer time to search. I can believe that, but it should make no difference. The defense demanded every little picayune detail about the documents tendered in the initial disclosures, then an answer to the lost wages for each plaintiff, without telling me that overtime was baked into salary most unusually. This pre-deposition process took months because the defense was used to interrogatory practice and wouldn't heed Local Rule 33.3. Nevertheless, we negotiated a resolution on the interrogatories but cannot on the document demands. Krucial's response is untenable, Big Law stonewalling.

     The defendants' responses to plaintiffs' production of documents were very sorely lacking. Plaintiffs need discovery into Krucial Staffing's internal workings – this is a fraud case, not just breach of contract. The defense tendered a few handbooks and documents in the plaintiffs' file, plus a few self-congratulatory emails with the New York City disaster response administrator.

1

The defense met each substantive demand with the objection that "the plaintiffs have not met their burden in proving proportionality." But plaintiffs do not hole the burden of disproving proportionality; it is on the defense, and an estimate of hours backed up by a man who does much of his work on paper does not suffice to prove the objecting party's burden. Magistrate Vera Scanlon last year held: A "party seeking to avoid discovery the grounds of" burden "must address those proportionality factors pertinent to that case and provide specific evidence and argument about them to the extent possible; it is not enough merely to invoke the word 'burden' as a talisman." *Walls v. City of NY*, 2020 US Dist. LEXIS 220046, at *6 (E.D.N.Y. Nov. 24, 2020). *See also Guadalupe v. City of New York*, 2016 US Dist. LEXIS 83872 at *2 (SDNY June 24, 2016) (Francis, J.); *In re Bloomfield Inv. Res. Corp.*, 315 FRD. 165, 168 (SDNY 2016) (overruling burdensomeness as no "particularized evidence [that] the . . . records would be unduly burdensome or costly, such as an affidavit of a person with knowledge of the record-keeping system explaining in detail the basis of the objection") (Marrero, J.)

The defense objections miss the mark and must be overruled on its idea of proportionality and burden in toto. Cleary's affidavit offers nothing with particularity. The defense response is both arbitrary and circuitous. The lawyers come up with a number out of thin air, and the client agrees with the lawyer's guestimates. How convenient! The defense also conflates relevance with proportionality. Plaintiff's burden of relevance is relatively low in discovery: whether the demand *could lead* to relevant evidence. Credibility is always relevant.

Concerning the particular demands, I ask that all of the proportionality objections be overruled. I provided the defense with the SDNY/EDNY case law and brought it up in the last joint submission. The defense was on clear notice and did nothing to rectify the deficiency. The Cleary affidavit, Exhibit B, makes a mockery of the process and is not only an improper method of conducting discovery but, in my opinion, frivolous and something I have never encountered since the Federal Rules added proportionality as a factor to consider. Plus, the issue is waived.

Briefly: Demand ¶ 5, Krucial Staffing was formed in 2019, and its first big job was with the City. It had no deployments before the pandemic that I am aware of (and I searched), yet it created an undercurrent of goodwill seemingly out of nowhere to attract nurses to take jobs. This is precisely the allegation of fraud that plaintiffs make, and they should be entitled to see the paper or e-documents. How did this goodwill spring from nowhere?

Demand ¶ 7 is relevant for the same as ¶ 5. The "10 hours" should be stricken.

All of ¶ 9 refers to the precise heart of the case. Something went grossly wrong with Krucial's deployment in the City. Yes, the City is to blame as well. Still, I am entitled to all correspondence and documents between the City and Krucial. How much it made is relevant, at a minimum, to show that it was undercapitalized, as I suspect, which reflects on its ability to engage in this effort. It was not prepared for New York City in March 2020 for sure.

Paragraph 11 contains proportionality gibberish that should be stricken. The documents could lead to discoverable evidence, and the "5 hours" it would take is a guestimate that should be stricken. The emails can easily be found on Krucial's or Cleary's server. If neither maintains a proper organization of a server – or lacks one –that's defendants' fault, not something the Court should weigh on proportionality. Mr. Cooper told me about this correspondence.

2

The response to ¶ 14 is laughable. Thirty hours to find the people who were "demobilized" – i.e., fired. This could lead to discoverable evidence about the many fired for complaining about the lack of PPE during the New York deployment.

Paragraph 19 refers to COVID testing. The estimate of 15 hours is unsupported. The information – where two (or three) of the plaintiffs contracted COVID is relevant, as is ¶ 20, about contract tracing among the Krucial Staff. Aimee Branch caught COVID from a co-worker in one of Krucial's cramped buses, and Krucial never told her that she should quarantine in New York and not expose her daughter to COVID, as she did.

Paragraph 28 refers to one of the specific things that plaintiffs have based their complaint on. The relevance is obvious, and the Court should overrule proportionality objection as misplaced.

Paragraph 29 refers to alternative assignments available for those without PPE or competence to perform in a particular area. If there were alternative deployments, it bears on Krucial's response in firing so many employees for complaining about improper medical care or lack of PPE. Forty hours? That's a blunderbuss response; the relevance supports plaintiffs' credibility and allows Brian Cleary's impeachment.

Paragraph 30 refers to precisely what defendants promised plaintiffs to induce them to come to New York. The City knew there was a PPE shortage, as did Krucial. But these plaintiffs were promised swabbing – work requiring only a HazMat suit.

Paragraph 37 refers to whether the LLC maintains proper "corporate-like" procedures, which could well allow plaintiffs to sue additional members. Further, a failure to maintain appropriate corporate documents reflects on its credibility or incompetence to undertake this deployment. Any such records could lead to relevant evidence. I will limit this demand to anything leading up to June 30, 2020, approximately a month after the last plaintiff was fired.

Paragraph 38 reflects on Krucial's ability to undertake this deployment. I've been following this company for almost a year, and it could not operate in such a reckless manner if it were adequately capitalized before responding to this pandemic. We have a confidentiality order. The same reasoning applies to ¶ 39.

Paragraph 43: Why should plaintiffs not have witness statements beating directly on plaintiffs' claims? They should, as its relevance is direct. The objection is frivolous.

That's enough. Thank you for your consideration.

Sincerely,

*Greg S. Antollino*
Gregory Antollino

cc: Kate Gasper O'Hara

3