

2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Main: 816.292.2000

Lathrop GPM LLP
lathropgpm.com

**Kate O'Hara Gasper**
Partner
kate.gasper@lathropgpm.com
816.460.5640

January 14, 2021

**VIA E-MAIL ONLY (gantollino@gmail.com)**

Mr. Gregory Antollino
275 Seventh Ave., Seventh Floor
New York, NY  10001

RE:  *Allen, et al. v. Krucial Staffing, et al.*

Dear Greg:

We are in receipt of your correspondence, served January 6, 2021, regarding Defendants' discovery responses.

As a preliminary matter, you claim that Defendants' Objections misstate the applicable burden of proportionality under FRCP 26.  This is incorrect.  Defendants' Objections, where appropriate, stated that "Plaintiffs cannot meet their burden of demonstrating relevance and proportionality." This statement—which incorporates a direct quote from *Citizens Union of City of New York v. Attorney Gen. of New York,* 269 F. Supp. 3d 124 (S.D.N.Y. 2017)—does not suggest that Defendants do not also have a burden to address the proportionality factors.

Plaintiffs, as the parties requesting discovery, bear the initial burden to demonstrate relevance. In many instances, as described below, Plaintiffs cannot meet this initial burden.  Nevertheless, once Plaintiffs satisfy their initial burden, Defendants have an obligation to address the proportionality factors. This is precisely why Defendants' Responses and Objections provided detailed information regarding the burden imposed by the requests and provided good faith estimates of the administrative labor required to respond.  **Please see the attached Declaration of Brian Cleary, which verifies these good faith estimates under oath.**  In turn, the burden shifts back to Plaintiffs to demonstrate that their discovery requests are proportional to the needs of the case in relation to the verified burden.

The bulk of your Deficiency Letter takes issue with Defendants' phrasing of their objections and the previous omission of the Declaration, which has now been provided.  I trust Mr. Cleary's Declaration resolves most of your issues.  In any event, I will address your specific issues stated with each Document Request.

33668457v.1

EXHIBIT B

January 14, 2021
Page 2

## Document Requests

To aid in organizing our upcoming telephone conference, below I have restated Plaintiffs' Requests in **bold** font, Defendants' Responses and Objections in black font, the text of your Deficiency Letter in green font, and our reply in blue font.

**RFP 2.** **All documents and communications documenting anything about any plaintiff.**

RESPONSE: Defendants undertook reasonable efforts to identify and produce all documents and communications referencing or identifying any Plaintiffs that were created or received before Plaintiffs initiated litigation. No identified documents from this timeframe are being withheld. Defendants incorporate their objections to the other requests that detail the burden required to identify additional potentially responsive documents. Defendants object to producing and will withhold "documents and communications documenting anything about any plaintiff" that were created or received after Plaintiffs initiated litigation because the request calls for information protected from disclosure by the work product and attorney-client communication privileges.

> 2. Your response does not provide a privileged log. Any communications after the litigation started, I deem not to require a privilege log.
>
> 2. Defendants do not withhold any documents responsive to this request based on privilege that pre-date the original Complaint. Thus, there are no documents to identify on a privilege log.

**RFP 4.** **Any documents supporting any of defendant's defenses as set forth in the answer.**

RESPONSE: Defendants object to the request because it does not describe with reasonable particularity each item or category of items to be produced. Nevertheless, Defendants refer Plaintiffs to documents produced with Defendants' Initial Disclosures and documents produced in response to these Requests. No documents are being withheld.

> 4. I am clearly entitled to documents supporting your defenses. If they were blunderbuss, then just withdraw them. You know what your defenses are (if they are not blunderbuss) and only the defense knows of any documents that support them.
>
> 4. As stated, no documents are being withheld based on Defendants' objections. There is no further discovery to compel.

**RFP 5.** **Any documents outlining Krucial Staffing's actions in creating ratings on such sites as Glassdoor, Google, Yelp or any other ratings generator. This does not seek production of the review itself. It seeks (a) documents outlining any action in having persons give Krucial Staffing a good review; and (b) any review completed by a full-time employee of Krucial Staffing.**

RESPONSE: Defendants are not aware of any "documents outlining Krucial Staffing's actions in creating ratings" and Defendants do not have any "reviews completed by a full-time employee of

33668457v.1

January 14, 2021
Page 3

Krucial Staffing" within their custody or control. If such reviews exist, they are publicly available from the websites that solicit reviews. No documents are being withheld.

> 5. I want a sworn verification as to ¶ 5. You said, "defendants are not aware." There is no way a newly formed corporation could have so many good reviews, especially given that it treated so many nurses so shabbily in so many markets, including non-payment of quarantine "because the State of Texas refused."
>
>> 5. As stated, no documents are being withheld based on Defendants' objections. There is no further discovery to compel.

**RFP 6.    Any document concerning the formation and incorporation of Krucial Staffing, LLC in any state, including but not limited to Texas, Kansas and New York.**

RESPONSE: Defendants will produce Krucial's Articles of Organization, filed with the Kansas Secretary of State, and the Foreign Registrations filed with Texas and New York. The request for "any document concerning the formation and incorporation of Krucial Staffing LLC" is vague and ambiguous, particularly because an LLC is not incorporated. Defendants object because the request does not seek documents that are relevant to any party's claims or defenses and the request is not proportional to the needs of the case. Plaintiffs cannot meet their burden of demonstrating relevance and proportionality.

> 6. Why would it take 10 hours for the defense to review contacts with local media coverage? That's an outrageous estimate. Before the coverage was made, there had to be some record of communication.
>
>> 6. The comments in your deficiency letter do not align with RFP 6. Did you mean RFP 7? Defendants' good faith estimate regarding the imposed burden is verified under oath.

**RFP 9.    Any and all writings, communications, documents or other tangible items which were sent, given or otherwise provided by the Defendant to the City of New York. This demand includes:**

**b.    Invoices and payments from the City of New York, including demands for any unpaid invoices, rejections of invoices, evidence of payments.**

**e.    Any documents mentioning PPE, whether it includes a shortage of PPE, or an abundance, or its proper use.**

RESPONSE: Defendants have produced Krucial's contracts with NYCH&H in Defendants' Initial Disclosures and will produce responsive e-mails between Brian Cleary and representatives of New York City Office of Emergency Management. Defendants object to any further production because the request does not seek documents that are relevant to any party's claims or defenses and the request is not proportional to the needs of the case. Plaintiffs cannot meet their burden of demonstrating relevance and proportionality. Defendants estimate, in good faith, that it would take approximately 16 hours of administrative labor to search for and produce potentially responsive documents. Documents are being withheld because it is unduly burdensome to collect and review potentially responsive documents.

33668457v.1

January 14, 2021
Page 4

> 9(b) and (e): Why would PPE documents not be reasonably responsive? Furthermore, you won't provide invoices and payments, but that should be very easy and could be relevant to punitive damages – net worth as well. I'll agree that (e) can be "Attorneys' Eyes Only" that will not be used until summary judgment or trial. Further, the amount Krucial was paid bears upon the "burden" of obtaining documents I have demanded that you object on the grounds that searching for documents will result in such inflated hours. For (a), there is a confidentiality order.

> 9. Defendants produced communications with City of New York regarding PPE. None of those documents are withheld on based on objection. Defendants produced its contracts with NYCHH, which disclose amounts payable. Krucial and NYCHH are involved in protracted discussions regarding payment under the contract, which is why it would take many hours to identify and produce these documents. However, Plaintiffs make no allegations regarding these issues in their claims, nor do Defendants rely on these issues for their defenses. Defendants' objections are well stated.

**RFP 10.** **A list of names of any full-time Krucial employees during any part of the New York Deployment.**

RESPONSE: Defendants state that they not have a document called "list of names of any full-time Krucial employees during any part of the New York Deployment" and do not have an obligation under Federal Rule of Civil Procedure 34 to create any documents. No responsive documents are being withheld.

> 10. You ask me for names, yet you object to "creating a document." Just consider it an interrogatory and dispense with ceremony.

> 10. Defendants asked Plaintiffs to identify individuals with knowledge of Plaintiffs' specific allegations, pursuant to SDNY Local Rule 33.3. RFP 10, even if construed as an interrogatory, still would be impermissible under that Rule. As stated, no responsive documents are being withheld and there is no further discovery to compel.

**RFP 11.** **All emails between and among Steven Cooper of Pflugerville, Texas and Bryan Cleary or other Krucial management, including but limited to (a) his anticipated role in this litigation; or (b) Mr. Cooper's role as a Krucial worker in deleting negative comments – including but not limited to complaints about a lack of PPE – on Nursing Group chats. By "group chat" I mean an online forum, such as may exist on WhatsApp or Facebook, where multiple nurses communicated about the New York deployment.**

RESPONSE: Defendants will produce all e-mails between Steven Cooper and Brian Cleary within Defendants' custody and control. Defendants object to the request for communications with "Krucial management" because the request does not seek documents that are relevant to any party's claims or defenses and the request is not proportional to the needs of the case. Plaintiffs cannot meet their burden of demonstrating relevance and proportionality. Defendants estimate, in good faith, that it would take approximately 5 hours of administrative labor to search for and

33668457v.1

January 14, 2021
Page 5

produce additional potentially responsive documents. Documents are being withheld because it is unduly burdensome to collect and review potentially responsive communications.

> 11. I insist on eleven. If you don't provide these, it will take much more than five hours for me to subpoena Mr. Cooper.
>
>> 11. Defendants already provided e-mails between Steven Cooper and Brian Cleary. Plaintiffs have not articulated why the requested communications are relevant to their claims. Defendants maintain their objections to further burdensome production. You may subpoena Mr. Cooper if you want, as that may be less burdensome for all parties involved.

**RFP 16.    Any rules for use of buses to and from the hotel(s) and the hospitals.**

RESPONSE: Defendants refer Plaintiffs to the mass alert text messages previously produced with Defendants' Initial Disclosures, which reference various rules for Krucial employees using the busses. Defendants state that it does not have a document called "rules for use of busses" and does not have an obligation under Federal Rule of Civil Procedure 34 to create any documents. No responsive documents are being withheld.

> 16. Please consider this demand an interrogatory and dispense with ceremony.
>
>> 16. As stated, no documents are being withheld based on Defendants' objections. There is no further discovery to compel. RFP 16, even if construed as an interrogatory, still would be impermissible under SDNY Local Rule 33.3.

**RFP 17.    All fit test results for all plaintiffs and evidence of transmission to OSHA the results of these tests.**

RESPONSE: Documentation relating to fit tests exists only in hardcopy paper and has not been digitized. Defendants estimate, in good faith, that it would take approximately 15 hours of administrative labor to search for and produce potentially responsive documents. Defendants object because the is not proportional to the needs of the case. Plaintiffs cannot meet their burden of demonstrating proportionality. Documents are possibly being withheld because it is unduly burdensome to collect and review potentially responsive documents.

> 17. This is not unduly burdensome. Krucial was required to keep these under OSHA rules, and the results bear on the ceremony of FIT testing. We are talking about seven plaintiffs so it will not be unduly burdensome. You can track them down and scan them as lawyers did for centuries before e-discovery was a phrase lawyers understood.
>
>> 17. Imposing 15 hours of administrative labor is unduly burdensome in light of the lack of relevance to Plaintiffs' claims and allegations. Defendants' objections are maintained.

January 14, 2021
Page 6

**RFP 19.**   **Any documents concerning rules or procedures for testing employees for COVID-19, whether at the deployment or after the employee "demobilized" – voluntarily or involuntarily.**

RESPONSE:  COVID-19 testing was not generally available during Plaintiffs' short time in New York and, if available, was limited to patients admitted to a hospital who exhibited COVID-19 symptoms.  There are no documents concerning rules or procedures for testing employees during the timeframe of Plaintiffs' employment because reliable testing for non-symptomatic employees was not an option.  No documents from the relevant timeframe are being withheld.  Defendants object to production of potentially responsive documents that were created or used after the conclusion of Plaintiffs' employment for deployments outside of New York.  Such documents are not relevant to any party's claims or defenses and the request is not proportional to the needs of the case.  Plaintiffs cannot meet their burden of demonstrating relevance and proportionality.  Defendants estimate, in good faith, that it would take approximately 15 hours of administrative labor to search for and produce potentially responsive documents.  Documents are being withheld because it is unduly burdensome to collect and review potentially responsive documents.

19.   You made a factual objection that is unsworn. Further, you seem to contradict the statement by saying it would take sixteen hours. Krucial advertised the ability to swab test, and I have spoken to other Krucial temporary staffers telling me it was available. And fifteen hours? That is a gross over-estimate.

19.   As stated, "No documents from the relevant timeframe are being withheld." Are you suggesting that Plaintiffs are entitled to discovery into later timeframes?  If so, Defendants' objections are well stated and will be maintained.

**RFP 20.**   **Any and all documents concerning complaints about a failure to pay quarantine after demobilization from the New York deployment.**

RESPONSE:  All communications from any Plaintiff regarding quarantine pay have been or will be produced.  All Plaintiffs were paid "demobilization pay," or 80 hours paid at their regular wage.  Demobilization pay was issued with a separate paycheck the week following demobilization.  Hundreds of nurses were confused about the timing of demobilization pay and contacted Krucial to inquire about payment.  The request for "complaints about failure to pay quarantine" is ambiguous and may be interpreted to include these inquiries, even though there was no "failure to pay quarantine".  Defendants object to further production related to other nurses because the request is not relevant to any party's claims or defenses and the request is not proportional to the needs of the case.  Plaintiffs cannot meet their burden of demonstrating relevance and proportionality.  Defendants estimate, in good faith, that it would take approximately 60 hours of administrative labor to search for and produce potentially responsive documents to this request.

20.   Sixty hours to collect complaints about failure to pay quarantine? I cannot buy that, and it suggests this was a usual practice by Krucial that violated the contract with HHC. Please produce the documents in a manner that does not take 60 hours. Also, your estimate is a factual statement for which counsel cannot swear to and has not even explained.

33668457v.1

January 14, 2021
Page 7

    20.    Defendants' estimate is verified under oath and Defendants' Response explains why reviewing the documents would take so long.  Additionally, as indicated in Plaintiffs' paystubs, they already received their quarantine pay after their demobilization.  As I have explained before, this is shown on their paystubs as 80 hours of regular hourly wage under the label "demob pay".  Plaintiffs cannot articulate why complaints from other employees who misunderstood the timing of this pay is relevant to Plaintiffs' claims.

**RFP 21.**    **Any rules or procedures concerning social and physical distancing during the New York deployment.**

RESPONSE:  Defendants refer Plaintiffs to the mass alert text messages previously produced with Defendants' Initial Disclosures, which reference various rules and recommendations for Krucial employees.  Defendants state that it does not have a document called "rules or procedures concerning social and physical distancing" and does not have an obligation under Federal Rule of Civil Procedure 34 to create any documents.  No responsive documents are being withheld.

    21.    Please identify the BATES numbers so I know what you are referring to.

    21.  *See, e.g.* DEF-EATON000099 – 128.

**RFP 22.**    **Any rules or procedures concerning contact tracing within and among full or temporary employees of Krucial Staffing.**

RESPONSE:  COVID-19 testing was not generally available during Plaintiffs' short time in New York and, if available, was limited to patients admitted to a hospital who exhibited COVID-19 symptoms.  There are no documents concerning rules or procedures for contact tracing during the timeframe of Plaintiffs' employment because reliable testing was not an option.  No documents from the relevant timeframe are being withheld.  Defendants object to production of potentially responsive documents that were created or used after the conclusion of Plaintiffs' employment or for deployments outside of New York.  Such documents are not relevant to any party's claims or defenses and the request is not proportional to the needs of the case.  Plaintiffs cannot meet their burden of demonstrating relevance and proportionality. Defendants estimate, in good faith, that it would take approximately 20 hours of administrative labor to search for and produce potentially responsive documents.  Documents are being withheld because it is unduly burdensome to collect and review potentially responsive documents.

    22.    Aside from the issue of COVID testing, addressed above, contact tracing is a matter that a disaster relief organization should know about. It's something that goes back to the days of TB. If there was no attempt to contact trace – or alert others that they were in contact with people who had COVID symptoms (or tested positive), then state as much with a verification. Your estimate is grossly exaggerated.

    22.    As stated, "No documents from the relevant timeframe are being withheld." Are you suggesting that Plaintiffs are entitled to discovery into later timeframes?  If so, Defendants' objections are well stated and will be maintained; the estimated burden is verified under oath. You are welcome to ask about contract tracing when deposing Krucial's representatives.

33668457v.1

January 14, 2021
Page 8

> However, your attempt to convert this document request into an interrogatory runs afoul of SDNY Local Rule 33.3.

**RFP 26.** The source of the mass texts sent to some of the plaintiffs as described in the complaint sent to encourage enrollment in the deployment. This document requests any document evidencing where Krucial Staffing got these numbers for Mass Texts.

RESPONSE: Defendants object to the request because it does not describe with reasonable particularity each item or category of items to be produced.  The request is vague, ambiguous, and it is unclear what document Plaintiffs are requesting.  It is unclear whether any responsive documents are being withheld.

> 26. We need to discuss this. This should be very simple.

> 26. We can discuss, but even after your Deficiency Letter, I still don't understand what you are requesting.  Are you asking where Krucial got the numbers of individuals who received the mass text?  If so, that matter is better addressed in depositions, as opposed to document requests.

**RFP 28.** Documents concerning or relating to any nurse complaint about (a) lack of PPE; or (b) working outside of the scope of expertise.

RESPONSE:  NYCHH agreed to provide PPE and Krucial instructed its employees to report to Krucial any lack of PPE; numerous Krucial employees worked around the clock for weeks to respond to these reports.  Defendants previously produced all documents concerning any of the Plaintiffs' complaints regarding PPE or scope of practice.  Defendants object to additional production because the request seeks documents that are not relevant to any party's claims or defenses and the request is not proportional to the needs of the case.  Plaintiffs cannot meet their burden of demonstrating relevance and proportionality.  Defendants estimate, in good faith, that it would take approximately 40 hours of administrative labor to search for and produce potentially responsive documents.  Documents are being withheld because it is unduly burdensome to collect and review potentially responsive documents that pertain to nurses other than Plaintiffs.

> 28. Again, you have not met YOUR burden. We should discuss this to find an easier way for you to answer this, and it must be verified since you made an affirmative statement.

> 28. Please see my discussion of shifting burdens under Rule 26 at the beginning of my letter.  Additionally, the good faith estimate of 40 hours is verified under oath.  I am open to discussing alternative ways for you to obtain relevant information.

**RFP 29.** Documents of Krucial's response to the complaints requested in ¶ 27, including but not limited to reassignment to a station where the nurse felt qualified to work, an attempt to procure PPE, or demobilization of the complaining employee.

RESPONSE:  NYCHH agreed to provide PPE and Krucial instructed its employees to report to Krucial any lack of PPE; numerous Krucial employees worked around the clock for weeks to

33668457v.1

January 14, 2021
Page 9

respond to these reports.  Krucial employees also worked to assign or reassign shifts based on nurse preference or experience whenever possible.  Defendants previously produced all documents concerning any of the Plaintiffs' complaints regarding PPE or scope of practice. Defendants object to additional production because the request seeks documents that are not relevant to any party's claims or defenses and the request is not proportional to the needs of the case.  Plaintiffs cannot meet their burden of demonstrating relevance and proportionality. Defendants estimate, in good faith, that it would take approximately 40 hours of administrative labor to search for and produce potentially responsive documents. Documents are being withheld because it is unduly burdensome to collect and review potentially responsive documents that pertain to nurses other than Plaintiffs.

> 29. Again, you have not met YOUR burden. We should discuss this to find an easier way for you to answer this, and it must be verified since you made an affirmative statement.

>> 29. Please see my discussion of shifting burdens under Rule 26 at the beginning of my letter.  Additionally, the good faith estimate of 40 hours is verified under oath.  I am open to discussing alternative ways for you to obtain relevant information.

**RFP 30.**   **Documents cornering or relating to the existence of automobile or other swab testing as mentioned in the text to, minimally, Jalen Eaton or others. This request does not seek the text messages mentioning the swabbing, but documents that (a) swab testing existed as a possible assignment in New York; (b) any employees who were actually assigned to swab testing.**

RESPONSE:  Defendants will produce e-mails between Brian Cleary and representatives of New York City Office of Emergency Management regarding its request for Krucial to provide nurses to perform testing or "sampling".  NYCHH likely assigned certain Krucial employees to test hospital patients exhibiting COVID-19 symptoms, but such documentation is not within Krucial's custody or control.  No responsive documents are being withheld.

> 30. You are saying you don't know because the documents are in the City's possession. This cannot be true since Krucial kept records on where everyone was deployed. You state, in essence, that the City "probably did this," yet you deny there was any COVID testing available in response to an earlier demand. This is highly relevant as the swab testing was advertised as an inducement to the plaintiffs to sign up. Again, you invoke the "talisman" of proportionality with no backup.

>> 30. Once again, no responsive documents within Defendants' custody or control are being withheld based on an objection. There is no further discovery to compel.

**RFP 35.**   **If Krucial had a predecessor, the name and return for 2018. If this does not exist, please so state.**

RESPONSE:  No responsive documents will be produced or withheld.

33668457v.1

> 35. This is relevant to our claims of fraud and goes to punitive damages. I would accept an alternative, and it could be attorneys' eyes only until needed.
>
>> 35. Once again, no responsive documents within Defendants' custody or control are being withheld based on an objection. There is no further discovery to compel.

**RFP 37.** Any documents maintained to keep Krucial's LLC form, including but not limited to such procedures outlined in Article 76 of Chapter 13 of the Kansas Corporation law, including but not limited to

   a. Section 17-7668. Nature of business permitted; powers.

   b. 17-7669. Business transactions of member or manager with the limited liability company.

   c. 17-7670. Indemnification of officers.

   d. 17-7672. Interpretation and enforcement of operating agreement.

   e. 17-7673 The Articles of organization including a procedure for amendments together with any amendments.

   f. 17-7686. Rules concerning Admission of members. 17-7687 Records of voting and meetings of members.

   g. 17-7693. Management of limited liability company. (Which may be duplicative of the request for ownership interests, in which case please indicate that the earlier demand answers this question.

RESPONSE: Defendants will produce Krucial's Articles of Organization, filed with the Kansas Secretary of State, and the Foreign Registrations filed with Texas and New York. Defendants object to the request for "documents maintained to keep Krucial's form" as vague, ambiguous and confusing. Defendants object to the request because it seeks information that is not relevant to any party's claims or defenses and the request is not proportional to the needs of the case. Plaintiffs cannot meet their burden of demonstrating relevance and proportionality.

> 37. Again, you have reversed the burdens in this district. I will discuss with you provision of some of these things above the forms you have produced that will not be burdensome. If there are no documents, you can just so state.
>
>> 37. Please see my discussion of shifting burdens at the beginning of my letter. As your Deficiency Letter did not clarify the vague and ambiguous request, Defendants cannot supplement at this time. As you said, we can discuss precisely what Plaintiffs are seeking.

**RFP 38.** All communications among members about the finances of Krucial.

RESPONSE: Defendants object to the request because it seeks information that is not relevant to any party's claims or defenses and the request is not proportional to the needs of the case.

33668457v.1

January 14, 2021
Page 11

Plaintiffs cannot meet their burden of demonstrating relevance and proportionality. The request also seeks highly confidential and sensitive information. Additionally, the "members" of Krucial Staffing LLC are entities, rather than individuals, and thus not capable of communications. No documents will be produced in response to this request.

> 38. You've reversed the burden, and this can be "ATO."
>
> > 38. Please see my discussion of shifting burdens at the beginning of my letter. Defendants' objections are well stated and will be maintained.

**RFP 40.** **Brian Cleary's resume. If he does not have one, please construct an outline of his education, licensure as a nurse – indicating whether the license is active, inactive and whether it may be used in other states.**

RESPONSE: No responsive documents are being produced or withheld. Defendants do not have an obligation under Federal Rule of Civil Procedure 34 to create any documents meeting this description.

> 40. Are you stating that Cleary has no cv or resume? I would have expected something, and if there is nothing, it needs to be verified.
>
> > 40. As stated, "No documents responsive documents are being . . . withheld." You are welcome to ask Mr. Cleary about his professional experience at his deposition. However, your attempt to convert this document request into an interrogatory runs afoul of SDNY Local Rule 33.3.

**RFP 41.** **Any police reports filed by defendant during the New York deployment. This does not include Brandon Burr's 911 call concerning theft.**

RESPONSE: No responsive documents are being produced or withheld.

> 41. This cannot be too hard, and it is your burden.
>
> > 41. As stated, "No documents responsive documents are being . . . withheld." There is no further discovery to compel.

**RFP 42.** **Any communications between Krucial Staff and the management of the New Yorker Hotel concerning any plaintiff or the rules of deployment.**

RESPONSE: Defendants are not aware of any e-mail, text or other written communications between members the Krucial staff and the New Yorker Hotel concerning any of the Plaintiffs. Defendants object to the request documents concerning "rules of deployment" because it seeks information that is not relevant to any party's claims or defenses and the request is not proportional to the needs of the case. Plaintiffs cannot meet their burden of demonstrating relevance and proportionality.

> 42. Reversed burdens and let's discuss/
>
> > 42. Please see my discussion of shifting burdens at the beginning of my letter. I am open to discussing a narrowed request.

33668457v.1

January 14, 2021
Page 12

**RFP 43.** All written statements taken from witnesses to any occurrence alleged in the Complaint which are in your possession, custody or control. If there are documents in another person's custody, please interpret this as an interrogatory limited to the name and last known address of such witness and statement.

RESPONSE: Defendants have already produced all documents specifically relating to Plaintiffs and "occurrences" alleged in the Complaint that might be construed as written statements. Defendants object to the request to the extent it seeks disclosure of documents unrelated to any of the Plaintiffs because it seeks information that is not relevant to any party's claims or defenses and the request is not proportional to the needs of the case. Plaintiffs cannot meet their burden of demonstrating relevance and proportionality.

> 43. Reversed burdens and let's discuss/

>> 43. Please see my discussion of shifting burdens at the beginning of my letter. I am open to discussing a narrowed request.

**RFP 48.** Evidence of Krucial LLC's net worth. This is relevant to the subject of punitive damages.

RESPONSE: Defendants object because the request does not identify with reasonable particularity the items or category of items to be produced. Further, the request is vague, ambiguous and subject to multiple varying interpretations. Defendants object to producing highly confidential and sensitive information related only to punitive damages prior to the Court's ruling on dispositive motions.

> 48. If you promise to provide these after a dispositive motion, I will accept that compromise.

>> 48. Defendants agree to provide net worth documentation one month before trial.

**RFP 49.** Evidence of Brian Cleary's net worth.

RESPONSE: Defendants object because the request does not identify with reasonable particularity the items or category of items to be produced. Further, the request is vague, ambiguous and subject to multiple varying interpretations. Defendants object to producing highly confidential and sensitive information related only to punitive damages prior to the Court's ruling on dispositive motions.

> 49. If you promise to provide these after a dispositive motion, I will accept that compromise.

>> 49. Defendants agree to provide net worth documentation one month before trial.

\*     \*     \*

33668457v.1

January 14, 2021
Page 13

In closing, Defendants satisfied their obligation to demonstrate that Plaintiffs' discovery requests impose a burden that is not reasonable, considering the lack of relevancy and the proportionality factors set forth in the Federal Rules of Civil Procedure.  Nevertheless, I am available to discuss your concerns via telephone if you prefer.

Very truly yours,

Lathrop GPM LLP

*/s/ Kate O'Hara Gasper*

cc:     Michael J. Abrams

**Attachment:   Declaration of Brian Cleary in Support of Defendants' Objections to Plaintiffs' First Request for Production of Documents**

33668457v.1