

2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Main: 816.292.2000

Lathrop GPM LLP
lathropgpm.com

**Kate O'Hara Gasper**
Partner
kate.gasper@lathropgpm.com
816.460.5640

July 29, 2021

**VIA ECF Filing Only**

The Hon. Ona T. Wang
U.S. District Court
500 Pearl Street
New York, NY 10007

RE:  Case No. 20-cv-2859, *Allen, et al. v. Krucial Staffing*, LLC *et al.*

Dear Judge Wang:

We respectfully respond to the letter motion submitted by Plaintiffs on July 26, 2021 [ECF Doc. 121] regarding the confidentiality designation of certain documents Defendants produced pursuant to the parties' Stipulated Protective Order [ECF Doc. 83].

Plaintiffs' letter motion concerns documents that have already been produced to Plaintiffs without any redactions.  Defendants marked these documents "CONFIDENTIAL" under the parties' Stipulated Protective Order because they contain a wide variety of sensitive, non-public information relating to Krucial and New York City Health and Hospitals Corporation ("NYCH+H") personnel who are not parties to this litigation.

Despite our request, Mr. Antollino has not specifically identified the documents for which he seeks to challenge Defendants' confidentiality designations. *See* **Exhibit A**.  Because Plaintiffs have failed to narrow the scope of the issue currently before the Court, we can only describe the documents generally.  These are e-mails exchanged between Krucial employees and employees of the Mayor's office, the Office of Emergency Management, or employees of NYCH+H, which is a public benefit corporation.  The subjects of these e-mails include, but are not limited to: contract negotiations, logistical planning, the provision of PPE, personnel complaints, and general day-in and day-out communications regarding staffing assignments.

Mr. Antollino makes no secret of his plan to share these documents with the media, even though he concedes these documents show Krucial in a favorable light.  Indeed, these communications demonstrate that Krucial went above and beyond to advocate for the safety of Krucial nurses while assisting NYCH+H however possible.

Mr. Antollino argues, "As far as these e-mails between Krucial and any public entity are concerned, I believe they should be 'declassified', (as it were)." Doc. 121, p. 1.  However, New York's Freedom of Information Law contains numerous statutory exemptions that permit confidentiality of communications with employees of public entities.  *See, e.g.* N.Y. Pub. Off. Law § 87.2 ("[S]uch agency may deny access to records or portions thereof that: (a) are specifically exempted from disclosure by state or federal statute; (b) if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section

The Hon. Ona T. Wang
July 29, 2021
Page 2

eighty-nine of this article; (c) if disclosed would impair present or imminent contract awards or collective bargaining negotiations; (d) are trade secrets or are submitted to an agency by a commercial enterprise or derived from information obtained from a commercial enterprise and which if disclosed would cause substantial injury to the competitive position of the subject enterprise . . . (g) are inter-agency or intra-agency materials which are not: i. statistical or factual tabulations or data; ii. instructions to staff that affect the public; iii. final agency policy or determinations; iv. external audits, including but not limited to audits performed by the comptroller and the federal government . . .").

In short, contrary to Mr. Antollino's suggestion, not all communications with employees of public entities are subject to public disclosure. Nevertheless, each communication must be examined on a case-by-case basis to determine which exception(s) apply. A wholesale review of all communications between these parties (thousands of pages) would be unduly burdensome and serve no valid purpose in the parties' litigation. Again, we ask Mr. Antollino to identify by Bates number certain documents so that we can reconsider a more narrowed request.

At this juncture, however, we respectfully ask the Court to deny Plaintiffs' request for a pre-motion conference.

Very truly yours,


*/s/ Kate O'Hara Gasper*