**Antollino PLLC**

Gregory Antollino, Esq.
127 West 30th Street, 9th Floor
New York, NY 10001
212-334-7397
gregory@antollino.com

**MEMO ENDORSED**

Ona T. Wang
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007

RE: Allen, et al. v. Krucial Staffing, LLC et al., 20-cv-2859 (JGK)(OTW)

Dear Judge Wang:

I write to follow up on the "litigation status" of this case. Because it contains potentially sensitive information, I will try to file it under seal since that is an option I have seen on ECF lately (but have never tried).

The parties now disagree on the documents unilaterally marked "confidential" by Defendants. As far as these emails between Krucial and any public entity are concerned, I believe they should be "declassified" (as it were). This declassification would allow us to bring in third parties and, after that, update you on the "litigation status." Defendants purport not to know about said status, but I have explained it. After conferring with Defense Counsel, once again, they are giving me the runaround and asking for dotted i's and a few circumflêxes as well. They know precisely the documents that the public should know as declassified. * See P. 2

We intend to implead the Defendants' Indemnitor, the City of New York, Mayor Bill de Blasio (personally and officially), and the extent that it matters, the New York Health and Hospitals Corporation. So, as I told them, the jig is up. They can make a counteroffer, or we will bring in the City and Bill and whatever other entity that Defendants refuse to implead for indemnification.

As I told you, there are documents among "The Classified" that make Krucial Staffing look good. I'm referring here to the emails sent by Brian Cleary's friend, Alex Render, who was put up to a task for which she was overwhelmed. CEO Cleary spent his time in Kansas supposedly running the show by Mass Texts (which recalls to my mind "Mass Games"). Though I believe the emails show that Defendants promoted profits over safety, they also show that the overwhelmed Ms. Render tried to convey to the City that there were significant problems. In one email, a City or NYC H&H employee replied (as I recall and referring to a Nurse who had safety concerns) that she was "angling for a lawsuit." Said Nurse is not among these Plaintiffs, at least as I recall.

As I see it, the Defendants have a choice: They may pay up with or without their carrier making a "business decision," or all those emails become public. The Defendants must consider whether those emails will make it look incompetent to other potential Cities in disaster mode that it might want to sell its business to. (I assure myself that the new Mayor will not hire Krucial, given Scott Stringer's lawsuit.) Again, some of those emails make Krucial look as if it tried, despite the City's

noncompliance. But there is no reason, at present, to keep those emails declassified. They show that the City, Bill, and others did not know what they were doing in the H&H Hospitals by any measure. I have compared José Pinlac's experience to the episode of "The Twilight Zone," known as "The Eye of the Beholder." No one who has seen said episode ever forgets it. If Krucial Staffing does not come to the table, the Citizens of The City of New York deserve to know what went on in those supposed hospitals.

Thank you for your consideration.

Sincerely,

Gregory Antollino

Cc: Kate Gasper O'Hara, Michael Abrams, Jason Baxter

---

Application **DENIED**. Plaintiffs take issue with unspecified documents designated confidential by Defendants and state, without explanation, that removal of such confidentiality designation will permit Plaintiffs to implead the City, Mayor Bill de Blasio, and the NYC Health and Hospitals Corporation (if Defendants don't make a settlement counteroffer) and update the Court on the status of litigation. If the parties cannot resolve their dispute without Court intervention, the parties shall file a **joint letter**, limited to five single-spaced pages, identifying the specific documents sought to be de-designated and setting out each side's respective positions by **August 13, 2021**.

Plaintiffs' request (ECF 122) to seal this filing is also **DENIED**. Going forward, the parties are directed to refer to the Court's Individual Practices in Civil Cases, Section IV (Filing Under Seal). The parties shall also closely consult Section 6 of the Court's ECF Rules & Instructions to ensure that all proposed sealed documents are properly filed. Failure to comply with these requirements may result in future requests being denied.

The Clerk of Court is directed to close ECF 121 and ECF 122.

**SO ORDERED.**

_____
Ona T. Wang        7/29/21
U.S.M.J.