

2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Main: 816.292.2000

Lathrop GPM LLP
lathropgpm.com

**Michael J. Abrams**
Partner
michael.abrams@lathropgpm.com
816.460.5530

November 30, 2021

**VIA ECF Filing Only**

The Hon. Ona T. Wang
U.S. District Court
500 Pearl Street
New York, NY 10007

RE:   Case No. 20-cv-2859, *Allen, et al. v. Krucial Staffing*, LLC *et al.*

Dear Judge Wang:

We respectfully oppose the application for your recusal, which Plaintiffs submitted by letter motion dated November 25, 2021 (Doc. 168).

## LEGAL STANDARDS

Section 144 of Title 28 of the United States Code provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. The submission of an affidavit[1] to the Court pursuant to this section does not lead to automatic recusal. *See Williams v. New York City Housing Auth.*, 287 F. Supp. 2d 247, 248-49 (S.D.N.Y. 2003) (*citing Nat'l Auto. Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978) ("[M]ere filing of an affidavit of prejudice does not require a judge to recuse himself.")). Rather, the judge "must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily." *Williams*, 287 F. Supp. 2d at 249 (*citing Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir. 1966)). To be legally sufficient under

---

[1] As a preliminary matter, we note that Plaintiffs' letter motion for recusal does not comply with the procedural requirements of 28 U.S.C. § 144.  Plaintiffs did not provide an affidavit or certificate of counsel that the motion is made in good faith.

The Hon. Ona T. Wang
November 30, 2021
Page 2

Section 144, an affidavit must show "'the objectionable inclination or disposition of the judge' [and] it must give 'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *Rosen*, 357 F.2d at 798 (*quoting Berger v. United States*, 255 U.S. 22, 33-35 (1921)).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This subsection "governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003) (*citing Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)). "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness—whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir.) (*quoting Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998)).

"Events occurring in the course of judicial proceedings generally do not constitute a basis for recusal unless they indicate that the judge has a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996) (internal quotation marks and citations omitted). Thus, "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also id.* at 556 ("A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.").

Moreover, "it is well-settled that a judge's adverse rulings and decisions against a party almost never are a valid basis for a party to seek disqualification based on bias or impartiality." *Pri-har v. United States*, 83 F. Supp. 2d 393, 397 (S.D.N.Y. 2000) (*citing Liteky*, 510 U.S. at 555).

"The decision to grant or deny a recusal motion is committed to the sound discretion of the judge to whom the motion is directed." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004).

## ARGUMENT

Plaintiffs' Motion lacks merit and should be denied. "[A] judge has an affirmative duty . . . not to disqualify himself unnecessarily, particularly 'where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience.'" *Nat'l Auto. Brokers Corp.*, 572 F.2d at 958. Indeed, "[a] judge is as much obliged not to recuse [herself] when it is not called for as [she] is obliged to when it is." *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). "[J]udges must be alert to avoid the possibility that those who would question [their] impartiality are in fact seeking to avoid the consequences of [the judge's] expected adverse decision." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (internal quotation marks and citation omitted and alterations in original).

Your Honor has worked diligently for the last eighteen months to become familiar with this case's central factual and legal issues. Your background and experience with the procedural history of this matter has value to the parties and the interests of judicial economy. These important

The Hon. Ona T. Wang
November 30, 2021
Page 3

interests would be harmed by an improper recusal.  More importantly, however, Plaintiffs' motion should be denied because it lacks a good faith basis and was filed in retaliation for your demand that Plaintiffs' counsel comply with his professional duty to treat the Court with respect.  *See* Rule 3.3(f)(2) ("In appearing as a lawyer before a tribunal, a lawyer shall not . . . engage in undignified or discourteous conduct").

On November 22, 2021, the Court issued an Order stating that "[s]ince November 1, 2021, the Court has received at least 5 *ex parte* emails and 1 voicemail from Plaintiffs' counsel that, though ostensibly submitted for purposes of settlement, are disrespectful, hostile, and largely unrelated to the substance of this case or settlement discussions."  (Doc. 157).  The Court ordered that "Plaintiffs' counsel shall not email or mail any correspondence to Chambers or any Chambers staff", and that "[t]here shall be no phone calls to Chambers outside of scheduled phone conferences." *Id.*  In response, just after midnight the following day, Plaintiffs sought permission to file a sealed motion seeking your recusal.  (Doc. 159).  Several hours later, at 3:43 a.m., Plaintiffs' counsel indicated he had a "midnight epiphany" that the "public should know" and stated his intent to file an unsealed motion for recusal.  (Doc. 160).

Plaintiffs' letter motion (Doc. 168) contains a significant amount of extraneous information that we need not recount here.  Plaintiffs seek recusal based on five identifiable complaints.  None of these complaints have merit and we briefly address each in turn.

First, Plaintiffs take issue with your comments relating to your husband's experience as a physician in New York City during the first wave of COVID-19.  Plaintiffs threaten to subpoena "Your Doctor Husband" as a witness in this case if "you write a decision justifying your actions." Plaintiffs' complaint is misplaced.  You have never justified your judicial rulings based on your understanding of your husband's experiences.  Your Honor, as an aside to the parties, simply commented that you are familiar with the reports of chaos and PPE shortages in New York hospitals in March 2020, which is the subject of Plaintiffs' suit.  However, like Your Honor, many New Yorkers have friends or family members who are medical professionals with similar first-hand experiences.  There is nothing unique about your husband's situation that would require him to testify in our suit—and you never suggested otherwise.

Next, Plaintiffs' counsel complains that Your Honor made comments relating to Plaintiffs' counsel's potential violations of the New York Rules of Professional Conduct.  Plaintiffs' counsel stated that he sought to de-designate certain documents Defendants marked as "Confidential" for the purpose of sharing them with the media and driving toward a settlement. The Court reminded Plaintiffs' counsel of his professional obligations, because Rule 3.6 limits an attorneys' ability to promote pending litigation in the press.  Plaintiffs characterize this warning as "bullying from the bench" and seek your recusal, in part, based on these comments.  Plaintiffs' characterization is false; at all times Your Honor remained respectful and calm during these discussions.

Third, Plaintiffs seek recusal based on your September 28, 2021 rulings on confidentiality designations on documents produced by Defendants in discovery.  "[A]dverse rulings and decisions against a party almost never are a valid basis for a party to seek disqualification based on bias or impartiality." *Pri-har*, 83 F. Supp. 2d at 397.  Moreover, this complaint is not timely under 28 U.S.C. § 144.  *See Sharkey v. J.P. Morgan Chase & Co.,* 251 F. Supp. 3d 626 (S.D.N.Y. 2017) (Motion for recusal was timely to the extent it was based on comments the judge made just

The Hon. Ona T. Wang
November 30, 2021
Page 4

over a week before the motion was filed, but was not timely to the extent the motion was based on comments the judge made several months earlier).

Fourth, Plaintiffs allege bias and complain that you did not "investigate" Plaintiffs' counsel's accusation that Defendants made "discriminatory statements about gay sexuality". Notably, Plaintiffs' counsel asserted these same baseless accusations in *Lundeen et al v. Krucial Staffing, LLC et al*, Case No. 1:21-cv-01071-GBD, and Judge Daniels summarily rejected them. *See* Doc. 22, *Reply in Support of Motion for Pro Hac Admission,* and supporting exhibits, and Doc. 24.

Fifth, Plaintiffs allege that you are biased toward "corporate defense attorneys" because the Court's Individual Practices are "Byzantine" and "make matters more complicated" than necessary. However, Plaintiffs cannot identify any prejudice from the Court's Individual Practices; the Court has never denied Plaintiffs any requested relief because of a procedural failing. Rather, the Court merely instructs Plaintiffs' counsel to correct his filings. In any event, the Court's Individual Practices are quite standard and straightforward.

## **CONCLUSION**

This Court has afforded the parties patience and respect. Your Honor appropriately discouraged Plaintiffs' counsel from violating Rule 3.3(f)(2) by communicating *ex parte* with the Court in a discourteous manner. (Doc. 157). Plaintiffs' motion for recusal, which was filed in response to this order, fails to substantiate any instances of bias, prejudice or the appearance of impropriety. The motion must be denied because an "objective, disinterested observer" who is "fully informed of the underlying facts" would have no reasonable doubt regarding the Court's impartiality. *See Carlton*, 534 F.3d at 100.

Respectfully submitted,

*/s/ Michael J. Abrams*

cc: All Counsel of Record via ECF