**Antollino PLLC, Gregory Antollino, Esq., Principal**
116 West 23rd Street, Ste. 500, New York, NY 10011
Ph: 212-334-7397   Cell: 212-979-6899   gregory@antollino.com

December 5, 2021

Ona T. Wang
United States Magistrate Judge
500 Pearl Street
New York, NY 10007

RE: Allen et al. v. Krucial Staffing, L.L.C. et al., 20-cv-2859 (JGK)(OTW)

Dear Magistrate Wang:

    I have conferred with the defense several times, including re-evaluating and clarifying the bill. The issue is simply this: Should plaintiffs' expert, an infectious disease specialist for the American Red Cross – who testified to various technical matters – be compensated for reviewing her deposition to ensure the technical issues were correct. Less than $2,500 is at issue, and when cases are not going to trial for plaintiffs' lawyers working on contingency, this seemingly small amount of money cannot be ignored. I move for an order that defendants pay my experts' entire fee and a reasonable attorneys' fee for my having to make this motion. But, once again, because you have not seen the agreed-to "confidential documents" – documents that should be placed on the public record following federal standards – any court evaluating this motion is looking into a black box. It is yet another example of how defendants seek to win this case by having plaintiffs litigate it with one proverbial hand tied behind their backs.

    The defense has offered me one unpublished, sui generis decision that is not worth citing. (Again, I cannot fully support this motion without an in-camera submission, but I would consider that a waste of any court's time.) Let's start with the basics and what defendants cannot deny.

    Legal Basics: Rule 26(b)(4)(E) provides that, "[u]nless manifest injustice would result, the court must require that the party seeking discovery ... pay the expert a reasonable fee for time spent in responding to discovery under [the discovery rules]." Fed. R. Civ. P. 26(b)(4)(E)(i), including "[c]ompensating an expert for [her] time spent in deposition is mandatory under the rule." *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (EDNY 1997). The rule is mandatory to 'avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement.'" *Id.* (quoting *United States v. City of Twin Falls*, 806 F.2d 862, 879 (9th Cir. 1986)). Plaintiffs bear the burden of establishing a reasonable fee, but here the fee is not at issue, but whether time spent reviewing and signing the deposition is compensable. Here it is.

    Plaintiffs' expert's hourly fee is not at issue. At issue is whether reading and reviewing a deposition at 30 pages per hour – on a highly technical matter where a mistake could lead to impeachment – is fair. While it is true that the deposition review took as long as the deposition

1

itself, that is irrelevant. On highly technical testimony – at a reasonable rate of $365 per hour – the expert, Jennifer Ryan, needed to look to scientific literature and other matters to verify she testified correctly. While there were many matters to which Ms. Ryan testified that she knew from her report, she could not consult, in every instance, scientific or other technical literature. This literature included complicated procedures of the City of New York that the defense seemed bent on arguing were complex and that, again, would go toward proving indemnification were the confidential documents between these defendants and public officials made public. But the defense does not want that information made public for reasons I have made clear in earlier submissions, which might result in a sua-sponte transfer to sealing – again depriving the public of information that it should have – or another defense motion seeking similar relief.

Because so little is at stake bearing the equities between these front-line workers and these very wealthy defendants, not only should defendants pay the $2,190 at issue, but $1000 in attorneys' fees for my having to make this motion.

Sincerely,

/s/ *Greg S. Antollino*

Gregory Antollino

Cc: all parties by ECF