

2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Main: 816.292.2000

Lathrop GPM LLP
lathropgpm.com

**Michael J. Abrams**
Partner
michael.abrams@lathropgpm.com
816.460.5530

December 7, 2021

**VIA ECF Filing Only**

The Hon. Ona T. Wang
U.S. District Court
500 Pearl Street
New York, NY 10007

RE:   Case No. 20-cv-2859, *Allen, et al. v. Krucial Staffing*, LLC *et al.*

Dear Judge Wang:

We respectfully respond to Plaintiffs' Letter Motion to compel payment of fees for Plaintiffs' expert witness, Jennifer Ryan, to review the transcript of her deposition.  (Doc. 174).

Defendants deposed Ms. Ryan on June 25, 2021.  The deposition began at 10:00 a.m. and concluded at 2:15 p.m.  *See* **Exhibit 1** (cover page of deposition transcript).  The deposition included two recesses.

On July 7, 2021, Plaintiffs' counsel presented Defendants with an invoice for $4,829.50 and requested Defendants pay the expert's administrative service directly.  The invoice included 2 billable hours for "Meeting with attorney," as well as 4 hours for "Report writing," 1.5 hours for "Prepare for deposition," 4.7 hours for "Deposition," and a charge for Parking.  *See* **Exhibit 2** (Invoice #13466).  Defendants promptly paid the portions of the invoice for "Prepare for deposition," "Deposition," and the Parking.[1]  Defendants did not pay the portions of the invoice relating to "Meeting with attorney" and "Report writing."  When Plaintiffs' counsel demanded that we pay the portion for "Meet with attorney," we initially declined and cited *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627 (E.D.N.Y. 1997) ("Rule 26(b)(4)(C) encompasses a reasonable fee for time spent by an expert preparing for deposition, but not for the time the expert spent preparing the attorney who retained him.").

On October 1, 2021, the expert service sent us a revised invoice that described 2.5 hours for "Meeting with attorney in preparation for deposition."  *See* **Exhibit 3** (Invoice # 13466_Depo). Defendants promptly paid the additional fees.

On October 7, 2021, the expert service sent us a new invoice for $2,190, indicating 6 hours for "Deposition draft review for errata;" and "Notary annd [sic] Submission by e-mail and mail."  *See* **Exhibit 4** (Invoice #13709).  Plaintiffs' counsel demanded Defendants pay the new invoice.  The

---

[1] Our accounting department sent a check dated September 9, 2021 and that was reportedly not received by the expert's administrative service; we later paid Invoice #13466 and Invoice # 13466_Depo by ACH on October 1, 2021.

The Hon. Ona T. Wang
December 7, 2021
Page 2

following day, Ms. Gasper responded and explained that time spent reviewing a deposition transcript is not compensable under the Federal Rules of Civil Procedure. *See* **Exhibit 5** (e-mail string dated October 8, 2021) (citing *Marin v. United States*, No. 06 CIV. 552 (SHS), 2008 WL 5351935, at *3 (S.D.N.Y. Dec. 22, 2008)). In *Marin*, Judge Stein held that because time reviewing deposition transcripts is spent following the completion of the deposition, it is not "time spent 'responding to discovery' and is therefore not compensable." *Id.* (citing Fed.R.Civ.P. 26(b)(4)(C)(i) and *Mendez v. Unum Provident Corp.*, No. C04–1312JWHRL, 2005 WL 1774323, at *3 (N.D.Cal. July 26, 2005)). Thus, Defendants have declined to pay Invoice #13709.

Plaintiffs' Letter Motion refers to an "unpublished, sui generis decision that is not worth citing," and does not attempt to distinguish *Marin*. Indeed, there is nothing *sui generis* or unique about *Marin* and this case is directly on point. Of note, Plaintiffs identify no legal authority to support their position that time reviewing deposition transcripts should be paid for by the deposing party.

Curiously, Plaintiffs argue that "the expert, Jennifer Ryan, needed to look to scientific literature and other matters to verify she testified correctly." Doc. 174, p. 2[2]. However, such substantive corrections are not permitted or appropriate in an errata sheet because "[a] deposition is not a take home examination." *See Toland v. Forest Lab'ys, Inc.*, No. 00 CIV. 4179 LAK, 2001 WL 30617, at *1 (S.D.N.Y. Jan. 11, 2001) (quoting *Greenway v. International Paper Co.*, 144 F.R.D. 322 (W.D.La.1992)). It does not appear that Ms. Ryan made any such corrections and, instead, her errata sheet contains mostly grammatical changes. *See* **Exhibit 6** (Errata Sheet). To the extent Ms. Ryan reviewed her transcript to prepare for potential impeachment at trial, as Plaintiffs suggest, this is not a compensable discovery cost.

In sum, we respectfully ask the Court to follow *Marin* and not compel Defendants to pay for Plaintiffs' expert to review her transcript following the completion of her deposition.

Very truly yours,

  /s/ Michael J. Abrams
Counsel for Defendants

---

[2] Plaintiffs also argue that review fees should be paid because Ms. Ryan provided "highly technical testimony." Doc. 174, p. 2. We disagree and incorporate by reference Defendants' Motion to Exclude Expert Testimony (Docs. 133 and 134). Plaintiffs' response to Defendants' *Daubert* Motion was due October 1, 2021. Plaintiffs neither filed a response nor sought leave of court to file out of time. Additionally, while Plaintiffs' counsel has indicated a willingness to supplement Ms. Ryan's report, Plaintiffs have not sought leave of court to do so outside of the time permitted for expert discovery.