```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

ALEXIS ALLEN ET AL.,

           Plaintiffs,

- against -

KRUCIAL STAFFING, LLC ET AL.,

           Defendants.

20-cv-2859 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

On May 13, 2022, Jason Baxter, counsel for the plaintiffs, moved to withdraw as counsel for four of the plaintiffs in this action: Alexis Allen, Aimee Branch, Jalen Eaton, and Latricia Hickenbottom. ECF No. 185. These plaintiffs have not opposed Mr. Baxter's motion to withdraw. For the reasons that follow, Mr. Baxter's motion to withdraw is **granted**.

I.

On April 6, 2020, the plaintiffs, all nurses who traveled to New York, New York, during the height of the COVID-19 crisis to fill staffing shortages, filed this complaint for breach of contract, quasi contract, fraud, and violation of New York Labor Law § 741. ECF No. 1. The plaintiffs were initially represented by Gregory Antollino. Id. On June 23, 2021, Jason Baxter appeared as additional counsel for the plaintiffs. ECF No. 118.

1

The case had since proceeded to discovery, and, on November 24, 2021, the parties agreed to mediate their dispute. ECF No. 163.

On April 4, 2022, Mr. Baxter informed the Court that Mr. Antollino had died, and requested a 30-day stay in order to determine how the plaintiffs intended to proceed. ECF No. 180. The Court granted the stay. ECF No. 181.

On May 13, 2022, Mr. Baxter moved to withdraw as counsel for the following plaintiffs: Alexis Allen, Aimee Branch, Jalen Eaton, and Latricia Hickenbottom. ECF No. 185. Mr. Baxter explained in his accompanying sworn declaration, ECF No. 185-1, that Eaton, Allen, and Hickenbottom had informed him that they do not want Mr. Baxter to "represent them in this case and have terminated [his] representation." Id. ¶ 4. Furthermore, although Branch has not explicitly terminated Mr. Baxter's representation, "she has also refused to explicitly confirm [Mr. Baxter's] representation," and "has informed [Mr. Baxter] that she ha[s] an attorney assisting her." Id. ¶ 6. Mr. Baxter affirmed that there has been a breakdown in his relationship with Branch. Id.

On May 16, 2022, the Court ordered that Mr. Baxter provide a copy of his motion to withdraw to the foregoing plaintiffs and to file proof of service, ECF No. 187, which Mr. Baxter did on May 24, 2022, ECF No. 189. While the Court gave the four

2

plaintiffs time to respond to the motion to withdraw in its Order dated May 16, ECF No. 187, no response was filed.

## II.

Local Civil Rule 1.4 provides that,

> [a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

"In determining the motion, the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014). "Satisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." Id. (collecting cases). Moreover, "when counsel has been discharged — and agreed to the termination — the order to withdraw should issue except under the most compelling circumstances." Allstate Ins. Co. v. Nandi, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003).

III.

In this case, there are satisfactory reasons for Mr. Baxter to withdraw as counsel for Allen, Eaton, and Hickenbottom. Allen, Eaton, and Hickenbottom have terminated Mr. Baxter as their attorney. Mr. Baxter has also affirmed that these plaintiffs do not want Mr. Baxter to represent them. Therefore, the Court grants the motion to withdraw as to these plaintiffs.

The Court also grants the motion to withdraw as to Branch. Mr. Baxter's affirmation that Branch refuses to communicate with him, and that there has been a breakdown in their relationship — together with the fact that Branch has allegedly retained other counsel — constitutes satisfactory reason for withdrawal. See Farmer, 60 F. Supp. 3d at 445.

## CONCLUSION

For the foregoing reasons, Mr. Baxter's motion to withdraw as counsel for Alexis Allen, Aimee Branch, Jalen Eaton, and Latricia Hickenbottom is **granted**. The Clerk is directed to close Docket No. 185.

The stay in this case is continued for another **30 days** to allow the foregoing plaintiffs to obtain new counsel or to indicate whether they are representing themselves. If the plaintiffs seek to represent themselves, they should indicate an address where papers should be served on them. If the plaintiffs

4

are represented by new counsel, that new counsel should file a notice of appearance within 30 days.

Mr. Baxter should provide a copy of this Memorandum Opinion and Order to Allen, Branch, Eaton, and Hickenbottom and file proof of service.

**SO ORDERED.**

Dated:   New York, New York
         June 9, 2022

                                          /s/ John G. Koeltl
                                          John G. Koeltl
                                          United States District Judge