# EXHIBIT 1-F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Alexis Allen, Latricia Hickenbottom,
Jalen Eaton, Nancy Torres, Jose Pinlac,
Aimee Branch & Brandon Burr

        Plaintiffs,

           v.

Krucial Staffing, LLC & Brian Michael Cleary V,

        Defendants.
-----------------------------------------------------------X

**PLAINTIFFS' COLLECTIVE RESPONSE TO INTERROGATORIES**

20-CV-2859 (JGK-OTW)

        Under the Local Rules of the S.D.N.Y., including but not limited to 33.3 and 26.3, plaintiffs respond to defendants' interrogatories as follows:

## SUPPLEMENTAL DEFINITIONS

        The phrase, "Objection: Local Rule 33.3" means that the interrogatory seeks more than the limited information allowed under that rule.

## BRANDON BURR

        1.     Identify individuals with whom you personally worked at Elmhurst Hospital who have knowledge of the allegations made in the Amended Complaint.

**ANSWER:**    Objection: Calls for speculation as to other persons' knowledge. Objection: Unintelligible: The phrase "with whom you *personally* worked" (emphasis added) makes no sense. Objection: Local Rule 33.3. The interrogatory is overbroad, not specific to a specific allegation in the Second Amended Complaint. Therefore, it requests information out of the scope contemplated by, and in the spirit of, Local Rule 33.3. It would also call for a narrative that any plaintiff could more easily attempt to answer at a deposition.

2. Identify the Krucial employees with whom you personally communicated while in New York City who have knowledge of the allegations made in the Amended Complaint.

**ANSWER:** See Objections to ¶ 1.

3. Identify your employer for whom you worked immediately preceding Krucial.

**ANSWER:** Plaintiff objects as to relevance. Defendants have access to this information, as it was provided by the application to work at Krucial. Presumably, Krucial did a background check to ensure the qualifications to take the disaster nurse temporary job in New York. Without waiving the objection, plaintiff was self-employed in the manner specified in the complaint.

4. Identify your employer for whom you worked immediately following Krucial.

**ANSWER:** Plaintiff objects as to relevance. Without waiving the objection, plaintiff was self-employed in the manner specified in the complaint.

5. Identify individuals or businesses whom you contacted seeking donations and supplies on behalf of Krucial.

**ANSWER:** See Objections to ¶ 1. Plaintiff will supply an unexhaustive list subject to modification. Mr. Burr communicated with at least the following businesses or individuals to solicit or to attempt to solicit donations or discounts:

Sol Betesh at Mindreader Products; Shane O'Neil at Enter the Panda; Patrice Rajacic of "Marino."; McDonald's Operator Bruce Colley (for discounts); Maya Kaufman at Patch (for publicity on the

2

effort to help Krucial); Stephanie La Raja at Lyft (for CitiBike pass); Jacquelyn Maacia at Hertz.com (attempt); Rebecca Love at SONISEL; "Evangeline" at The Coleman Company; Lauren Wright of The Natural Nipple Corp.; Joshua Bass at FIGS; Gatorade, PepsiCo and Frito-Lay (through another); Scott Beal of PathO3Gen Solutions; The NYC Mayor's Office (through Beal); Ann Bridges, Landau Uniforms, Inc. & Chefwear; Mark Glover, ATMARK Trading Inc.; Katherine Capocelli, Sysco Metro New York; Perry Saifi, Next Cleaners (dba Cleanly). There were several other vendors, including but not limited to Crocs. Plaintiff is in the process of finding the exact names of persons he spoke with as to Crocs and the other vendors.

6. Identify all unreimbursed expenses or you allege you incurred as a result of your Krucial employment.

**ANSWER:** Interpreting "or" as "that" – as otherwise the question is either unintelligible or objectionable as a compound question – Plaintiff will answer. (This qualification applies to all plaintiffs; this case has not been severed, at least yet.) Plaintiff states that the following are his reasonably estimated expenses:

| | |
|---|---|
| Car expenses (gas, parking, taxi, tolls, etc.) | $ 960.00 |
| F&B | $ 704.00 |
| Misc. (CVS…) | $ 32.00 |
| Total | $ 1,696.00 |

7. Identify the amount of damages you claim in your Amended Complaint and the computation thereof.

**ANSWER:** See ¶ C of the initial disclosures.

BRANDON BURR declares under penalty of perjury of the United States that I have reviewed the information provided in response to ¶¶ 3-6 on my response to Defendants' Interrogatories and I know that the responses are true.

Dated:     Newport News, Virginia
           October 29, 2020

_Brandon burr_
BRANDON BURR

Signature: _____
Email: 2brandonb@gmail.com

18